IN THE  UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| KATRINA D. ORUM | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-799-MHT (WO) |
| STATE OF ALABAMA - DEPARTMENT OF CORRECTIONS | * | |
| | * | |
| Defendant. | | |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Katrina Orum ["Orum"], an inmate currently incarcerated at the Montgomery County Detention Facility.  In this complaint, Orum states that she has earned 750 days of statutory good time credits. She complains, however, that these credits have not been applied to her sentence which has caused her to be held in prison past her release date. Orum alleges a violation of her right to due process and seeks an award of damages for each day she is being held past her release date  as well as for emotional and mental stress.

Orum names the Alabama Department of Corrections as the sole defendant in this case.  Upon review of the complaint, the court concludes that dismissal of this case prior to

service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

# I. DISCUSSION

## A.  The Alabama Department of Corrections

The Alabama Department of Corrections is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). In light of the foregoing, the court concludes that Orum's claims against the Alabama Department of Corrections are due to be dismissed.  *Id.*

## B.  The False Imprisonment Claim

Even if she had named a proper defendant, Orum would not be entitled to relief pursuant to § 1983.  Success on Orum's challenge to her continued confinement based on her good time credits claim necessarily impacts the duration of her present incarceration. Consequently, the claims presented by Orum are not cognizable in a section 1983 action at this time.[2]   *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Edwards v. Balisok,* 520 U.S.

---

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2]Orum states in her complaint that she received a 15-year split sentence, three to serve, and was given credit on April 25, 2006 for the split.  (Doc. No. 1 at 3.)  The court notes that inmates sentenced under the Split Sentence Act are  not eligible for good-time incentive credit during their minimum period of confinement:

No defendant serving a minimum period of confinement ordered under the provisions of

641 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994).  "[A]ny claim by a prisoner attacking the validity or duration of h[er] confinement must be brought under the habeas sections of Title 28 of the United States Code. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841-1842, 36 L.Ed.2d 439 (1973)." *Calderon v. Ashmus*, 523 U.S. 740, 746-747, 118 S.Ct. 1694, 1699 (1998).  In *Heck*, the Court emphasized that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of h[er] confinement and seeks ... speedier release, even though such a claim may come within the literal terms of § 1983."  512 U.S. at 481.  In *Balisok*, the Court further determined that a prisoner's request for either declaratory relief or monetary damages related to an action impacting the duration of her confinement that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. 520 U.S. at 648.  Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment."  *Id.*

---

subsection (a) shall be entitled to deductions from his sentence under the Alabama Correctional Incentive Time Act, during the minimum period of confinement so ordered; provided, however, that this subsection shall not be construed to prohibit application of the Alabama Correctional Incentive Time Act to any period of confinement which may be required after defendant has served such a minimum period.

Ala. Code § 15-18-8(g) (1975).

Nonetheless, whether Orum seeks to challenge an award of jail credit or statutory good time credits  pursuant to the Alabama Correctional Incentive Time Act ["ACITA"],  *Ala. Code* § 14-9-40, *et seq.*, such claims must first be presented in an application for habeas corpus  relief.

at 645.  The Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and

should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.[3]

Out of an abundance of caution upon recognition that Orum is proceeding pro se, the court

will treat this claim separately and recommend it s dismissal without prejudice.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   Plaintiff's Complaint against the Alabama Department of Corrections be

DISMISSED with prejudice  prior to service of process pursuant to the directives of 28

U.S.C. § 1915(e)(2)(B)(i);

2.   Plaintiff's Complaint challenging the validity of her continued confinement  be

DISMISSED without prejudice prior to service of process pursuant to the directives of 28

U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that **on or before September 20, 2007**, the parties may file objections

to the Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which a  party objects.  Frivolous, conclusive or

---

[3]Orum is advised that if she seeks to challenge the duration of her confinement based on the claims set forth in the instant complaint she may do so by filing a petition for habeas corpus relief under 28 U.S.C. § 2241.  Such petition should be filed in the district court within whose jurisdiction she is presently incarcerated.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978).

general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 7th day of September, 2007.


          /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE